IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff

  vs                                    Case No.  CR-3-04-93(2)
                                            Judge Thomas M. Rose

DAVID B. BOGGS

       Defendant

---

**ENTRY AND ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS (DOC. # 33)**

---

This matter comes before the Court pursuant to the Defendant's Motion to Suppress (Doc. #33) filed September 9, 2004.

The Court convened a hearing on the Defendant's Motion on March 23, 2005.  Present in Court was Defendant, represented by Attorney Patrick Mulligan, and Assistant U.S. Attorney Sheila Lafferty, representing the Government.  Subsequent to said Motion hearing, a transcript of said proceedings (Doc. #40) was filed on April 4, 2005, followed by Defendant's Memorandum in Support of the Motion to Suppress (Doc. #42), filed April 29, 2005, Response of the United States to the Motion of Defendant David B. Boggs' Motion to Suppress (Doc. #44), filed May 20, 2005, and Defendant's Memorandum in Response to the Response filed by the United States regarding the Defendant's Motion to Suppress and hearing (Doc. #47) filed June 28, 2005.

Defendant's Motion asserts that the Government obtained evidence and statements during the execution of a search warrant of Defendant's residence in violation of Defendant's guarantee against unreasonable search and seizures under the Fourth Amendment of the United States Constitution.  Based upon said assertions, the Defendant moves the Court to suppress all evidence

obtained and observations made by law enforcement and/or statements made by Defendant during the execution of the search warrant at the Defendant's residence, 1133 Bit Place, West Carrollton, Ohio on November 19, 2003 (Trans. P.11, line 2)

The search warrant was issued by Chief U.S. Magistrate Michael Merz after the submission of a sworn affidavit of Agent Kevin S. Bollinger of the Drug Enforcement Agency, hereinafter referred to as DEA. In said affidavit Agent Bollinger indicated that on January 24, 2003, he along with another agent seized two parcels at a U.P.S. facility located in West Carrollton, Ohio. These parcels were seized as a result of alerts by a certified drug canine.

A federal search warrant was obtained for the two parcels and approximately 25 pounds of marijuana was found in each package. The parcels were repackaged for a controlled delivery to the address on these parcels and delivered to Chelsea Title, Suite 350, 7887 Washington Village Drive, Dayton, OH 45459.

Based upon this delivery and subsequent investigation, Affiant indicated that it was discovered that numerous such packages were shipped from Arizona to Chelsea Title and another Dayton address. As part of the investigation, arrest warrants were obtained for three individuals, James Deaton, Charles Truesdell and Tyler Beuerlein, on April 3, 2003, charging all three with conspiracy to possess with intent to distribute in excess of one hundred (100) kilograms of marijuana, a Schedule 1 controlled substance.

Affiant further stated that in November of 2003, he received further information from two individuals which are referred to in the affidavit as CS-1 and CS-2. Affiant also states that the information obtained from these two individuals was verified through independent investigation.

Specifically, Affiant indicates that CS-1 stated that all the parcels that were shipped to locations previously discovered were either turned over to or picked up by the Defendant, David Boggs, who lived on Bit Place in West Carrollton. This individual also indicated that Defendant

was the distributor for marijuana shipped from Arizona and was advised by associates of Defendant he was still being supplied.

The second individual, CS-2, was shown a photo of the Defendant and identified him as an individual who picked up some of the parcels containing marijuana that were delivered to Chelsea Title.

Based upon said information, Affiant conducted a "trash pull" at an address on Bit Place thought to be that of Defendant. Located in the trash were numerous pieces of mail addressed to Defendant, David Boggs, at said address, along with a plastic baggie containing marijuana. In addition to the items recovered in the "trash pull", the Affiant indicated that subsequent surveillance was conducted at 1133 Bit Place, where the motor vehicle, a 2003 GMC, was registered in Defendant's name.

Based upon these facts and the agent's experience and training, the agent believed there to be probable cause to believe that Defendant was involved in the trafficking of controlled substances and that there would be evidence of such trafficking in the residence.

The Government asserts that the search warrant at issue was supported by probable cause as there were sufficient facts to justify the issuance of the warrant. The Defendant argues that the government's information upon which they were requesting a warrant was nothing more than the verification of someone's address and evidence found in the trash of Defendant's residence consistent with personal use of marijuana. The Defendant submits that the officer in his affidavit verified nothing more than "non-criminal facts". More specifically, Defendant would contend that the officer never verified or corroborated that Defendant sold marijuana or was anyway involved in the sale of marijuana. Prior to the search of Defendant's residence, the Defendant asserts that the Government's only evidence was that of personal use of marijuana and statements of two individuals who very well may have talked with each other, were involved in this particular case

and had incentive to attempt to minimize their own involvement in the matter.

Probable cause, when dealing with a search warrant, exists when "given all the circumstances set forth in the affidavit . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983)

In the determination of such probable cause, reviewing courts accord great deference to the issuing magistrate's determination.  The duty of such a reviewing court is simply to ensure that the magistrate had a substantial basis in concluding that probable cause did exist.

In this case, the investigation, as reviewed by the affidavit, commenced with the interception of two parcels of marijuana, equaling approximately fifty pounds, was followed by an investigation which discovered the two individuals who subsequently named the Defendant as the person who was receiving shipments of marijuana from Arizona and selling it.  These individuals also provided information of Defendant's residence as West Carrollton somewhere on Bit Place.  The "trash pull" confirmed the residence was that of the Defendant and that illegal drugs were present at the residence, both consistent with the agent's conclusion that Defendant resided in the residence and illegal drug activity was taking place at that location.

The Court would find that in this case, the affidavit does arguably show circumstances which could support a determination that evidence of a federal crime would probably be found in the residence located at 1133 Bit Place, West Carrollton, Ohio.

Therefore, the Court DENIES Defendant's Motion to Suppress.

IT IS SO ORDERED.

November 7, 2005                                                             **s/Thomas M. Rose**

---

        Thomas M. Rose, Judge
        United States District Court